SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

May 15, 2019

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

Caroline C. Brittingham, Esquire
Department of Justice
114 E. Market Street
Georgetown, DE 19947

Heather Lingo, Esquire
Office of Defense Services
14 The Circle
Georgetown, DE 19947

RE: *State of Delaware v. Bartholomew A. Hicks*, Def. ID# 1808002158

DATE SUBMITTED: May 9, 2019

Dear Counsel:

Pending before the Court is an appeal which the State of Delaware ("the State") has filed

from a decision of the Court of Common Pleas ("CCP") dismissing the case against

Bartholomew Hicks ("defendant"). This is my decision affirming the judgment of CCP.

The information set forth below is contained in the record from CCP. In their briefing on

this appeal, both sides have submitted information that was not a part of the record before the

trial court. The Court ignores that information and considers only information in the record

which was available to the trial court when the decision to dismiss was made.[1]

FACTS

---

[1]*State v. Lee*, 1998 WL 733068, * 1 (Del. Super. Aug. 4, 1998); *State v. Small*, 1992 WL
114068, *1 (Del. Super. Apr. 27, 1992).

1

Defendant was charged with leaving the scene of an accident after a collision which involved property damage, driving while suspended or revoked, failing to provide to the owner of the damaged property appropriate identifying information, following a motor vehicle too closely, and failing to report to the police a collision resulting in property damage in the amount of $500.00 or more. These offenses allegedly occurred on or about July 17, 2018. Defendant was arrested on these charges on or about September 17, 2018.

On October 10, 2018, Heather Lingo, Esquire's office entered her name into the docket on defendant's behalf so that her appearance would be on all calendars going forward. On October 10, 2018, Ms. Lingo filed discovery requests with CCP and also served discovery requests on the State. Ms. Lingo also appeared on defendant's behalf at his October 15, 2018 arraignment.

A week before the trial, Ms. Lingo confirmed with the CCP Clerk's Office that CCP's court file contained a copy of the discovery requests. Although the discovery requests were in the Court's file, they had not been docketed. In fact, the Clerk's office did not docket Ms. Lingo's appearance and discovery requests until November 29, 2018.[2]

The State checked CCP's docket on October 23, 2018. At that time, for the reason explained above, neither Ms. Lingo's entry of appearance nor the discovery requests were on the docket. The State did not have the entry of appearance or discovery requests in its file.

The State never responded to defendant's discovery requests.

On the day of trial, December 3, 2018, defendant's attorney made an application for

---

[2]The Court takes judicial notice of the fact that this date was the Thursday before the trial on Monday, December 3. Delaware Rules of Evidence, Rule 201.

2

violation of discovery. Although she did not specify the sanction she was seeking, a review of her argument regarding prejudice to defendant leads to the conclusion she was seeking a dismissal of the case.

The following exchanges occurred regarding the matter:

[THE STATE]: Your Honor, we do not have a copy in our file. **I'm not saying we didn't receive it** but we do rely on the court's docket, and according to the court's docket defendant was unrepresented (emphasis added).

THE COURT: Why would you not open up the file rather than doing that? You got this October the 10th.

[THE STATE]: I don't have it in my file, Your Honor, and it was not on the court's docket until November 29th. So when you pull it up, the docket, that's what we rely on, it did not show the docket.

THE COURT: You can't just rely on that.

[THE STATE]: I understand, Your Honor. It's also my understanding that Ms. Lingo may have emailed the Court about it.

THE COURT: The docket is not incorrect. You just didn't like the timing of it being docketed.

[THE STATE]: I understand, Your Honor, but it wasn't docketed until last week.

THE COURT: Is there a mail in certificate?

THE CLERK: No.

THE COURT: You just put it in their box?

MS. LINGO: Yes.

THE COURT: *** [I]t's clear that despite the fact that the clerk didn't put the discovery in the docket until November 29th it's clear that it was filed with the court. And Ms. Lingo advises that simultaneously she sends a copy of that request to the State.

3

[THE STATE]: I understand, Your Honor, but if she did email the Court it would have been nice to be cc'd on it so we would have known the docket was incorrect, and I don't believe we were.[3]

In response to the question of what prejudice defendant suffered, trial counsel stated the following:

This was an alleged leaving the scene of an accident. There's information about my client and the alleged victim pulling over at a gas station, there being pictures or video of them doing that.[4] And I think part of that was to prove that it was my client driving. It wasn't his car. But we would have no ability this late in the game to ask for any additional videos or photos because they would be destroyed by now, and we would have tolled all this time waiting for even a minimal of discovery request.

In addition, my client doesn't really have the ability without any discovery to defend this going forward.[5]

When the Court asked the State if there were videos or pictures, the State replied it had "a certified driving record, police reports, warrant."[6]

The Court ruled as follows:

I find that the defense requested discovery in a timely fashion and entered their appearance in a timely fashion. I note that the discovery request was stamped and clocked in at the court on October the 10th, that Ms. Lingo requested specifically the discovery, and the State had checked in the docket but didn't apparently check their file. Although Ms. Nyman says we don't have it, the docket indicates it was filed, it was filed timely. And this is a situation where there's actually video in a traffic case that clearly is central to this case because the defense claims that it did stop to discuss the matter and there's a picture of me doing that. Defense has not been given the opportunity to review the evidence and I'm satisfied it's central to

---

[3]Transcript of December 3, 2018, Proceedings at 7-9 ("Trans. at __").

[4]The arresting officer's affidavit which is a part of the record states that he was provided with a video of the defendant walking into the BP Gas Station after the accident and with a photo of the defendant. That information was used to identify the defendant.

[5]Trans. at 9-10.

[6]*Id.* at 10.

4

the case. I'm satisfied that prejudice does exist. The case is dismissed under 16( c).[7]

## STANDARD OF REVIEW

The standard of review of an appeal from CCP is as follows:

The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters. When addressing appeals from the Court of Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court. In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record. Factual findings by the Court of Common Pleas are given deference and are reviewed for clear error. Legal questions are reviewed *de novo* (footnotes and citations omitted).[8]

The appellate court reviews a trial court's application of discovery rules for abuse of discretion.[9]

When faced with a discovery violation, CCP can order the production of the discovery, grant a continuance, prevent the introduction of material or impose any other order it deems just.[10] However, before issuing a sanction, the Court below must weigh all relevant factors,

---

[7]*Id.* at 11.

[8]*Slaney v. State*, 2016 WL 5946485, *3 (Del. Super. Oct. 7, 2016).

[9]*Service v. State*, 2015 WL 1234489, *3 (Del. Mar. 17, 2015) (TABLE); *State v. Glenstrup*, 2013 WL 1092715, *5 (Del. Super. Feb. 12, 2013); *State v. Lee*, 1998 WL 733068 at *2; *State v. Rothermel*, 1995 WL 465276, *2 (Del. Super. July 24, 1995).

[10]CCP Crim. R. 16(d)(2). This rule provides:

*Failure to comply with a request.* If at any time during the course of the proceedings it is brought to the attention of the Court that a party has failed to comply with this rule, the Court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

including the extent of prejudice to the defendant.[11] As explained in *Doran v. State*:[12]

> Among the factors the court must weigh are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess.

The court must "'balance the needs of society with the defendant's right to a fair trial.'"[13] A case is not to be "dismissed absent some definable or measurable prejudice to the defendant."[14] However, in examining the dismissal, this Court is mindful of CCP's caseload and its guidelines for criminal case dispositions.[15]

## DISCUSSION

In this case, CCP concluded that although the State did not have the discovery requests in its file, defendant had served the discovery requests on the State on October 10, 2018, and the State did not respond to those requests. On the morning of trial, the State did not have in its file the video and photo mentioned in the arresting officer's affidavit. The available sanctions were to order production of the discovery, continue the trial, suppress the evidence or order whatever relief the trial court deemed just, including dismissal. An order to produce the discovery would not have solved the discovery violation since the State did not have any video or photos in its

---

[11] *Service v. State, supra; Cabrera v. State*, 840 A.2d 1256, 1263 (Del. 2004); *Seward v. State*, 723 A.2d 365, 374 (Del. 1999); *Doran v. State*, 606 A.2d 743, 745 (Del. 1992).

[12] 606 A.2d at 745 n. 3 (Del. 1992). *Accord Oliver v. State*, 60 A.3d 1093, 1096 (Del. 2013).

[13] *Service v. State, supra.*

[14] *State v. Lee*, 1998 WL 733068 at *2.

[15] *Id.*

file. Furthermore, there was no evidence before the Court that a continuance would have cured the prejudice occasioned by a lack of this evidence.[16] Since the State did not have the video or photo in its file, suppression was not a valid sanction.[17] Thus, dismissal was an appropriate sanction if the defendant was prejudiced. The evidence before the trial court on the prejudice factor was that defendant would not have access to any videos or photos and could not defend himself. The discovery information was crucial to defendant's case. These facts support the trial court's conclusion that defendant was prejudiced in this situation. Consequently, the trial court did not abuse its discretion in dismissing the case.[18]

CONCLUSION

For the foregoing reasons, the Court of Common Pleas' decision to dismiss this case due to the State's failure to comply with defendant's discovery requests is AFFIRMED.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

cc: Prothonotary's Office
Court of Common Pleas Clerk

FILED PROTHONOTARY
SUSSEX COUNTY
2019 MAY 15 P 2: 46

---

[16]The State did not seek a continuance.

[17]See State v. Small, 1992 WL 114068 at *2.

[18]The decision of the Superior Court in State v. Rively, Def. ID# 1704016124, Graves, J. (Mar. 13, 2018) (ORDER) is not applicable; in that case, unlike here, the Court did not consider prejudice to the defendant.

7